## MARY LINDSEY CORREA, NEE MARY K. LO, *v.* WAIAKEA MILL COMPANY, LIMITED.

### No. 2024.

FILED MARCH 22, 1932.                    DECIDED APRIL 2, 1932.

PERRY, C. J., PARSONS, J., AND CIRCUIT JUDGE CASE
IN PLACE OF BANKS, J., UNABLE TO ATTEND
ON ACCOUNT OF ILLNESS.

*Per Curiam.* The plaintiff moves for a rehearing upon the ground, among others, that section 480, R. L. 1925, being one of the sections referred to by the court in support of its conclusion that the consent of the governor of the Territory is essential to Special Homestead Agreements, "was not in March, 1920, the law" and that "said section was not contained in the Revised Laws of 1915, or the Organic Act or any other act of Congress, but was enacted, in all of its provisions relating to Special Homestead Agreements, by Act 3 of the Session Laws of 1925, which enacted the Revised Laws of 1925." As appears from the note at the foot of section 480, R. L. 1925, by the commissioners who prepared that revision, and as appears also from our former opinion now under review, section 480 was originally enacted in 1895 (Laws 1895, c. 26, s. 17), was amended, in a respect now immaterial, by the Laws of 1896, c. 78, s. 1, and appeared in the Civil Laws of 1897, s. 201, and in the Revised Laws of 1905, s. 276. As stated in our former opinion, the Organic Act, in section 73, subsection 4 (c), provided that "the laws of Hawaii relating to public lands * * * shall continue in force until *Congress* shall otherwise provide." The provision in question, originating in 1895, was still in force immediately before the Organic Act

went into effect and was by that Act expressly continued in force until *Congress,* not the legislature of Hawaii, should otherwise provide. It is true that the section does not appear in the revision of 1915, but that omission did not operate to repeal the section. Congress alone could do that. The commissioners who prepared the revision of 1925 would seem to have been of the same opinion for they reinserted the provision in chapter 40, as section 480, in spite of the fact that they had observed that it was not in the revision of 1915. The note at the end of section 480 sufficiently shows this.

The present petition for a rehearing does not contain any of the usual grounds for such an application. The remaining paragraphs of the petition simply indicate a desire to present arguments which have been already presented and considered.

The petition is denied, without argument, under the rule.